```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ME2 PRODUCTIONS, INC.,                                            :
                                                                  :   MEMORANDUM DECISION AND
                                      Plaintiff,                  :   ORDER
                                                                  :
            - against -                                           :   17-cv-1196 (BMC)
                                                                  :
                                                                  :
RODNEY HENRY,                                                     :
                                                                  :
                                      Defendant.                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff is a media production company and exclusive owner of the copyright for the motion picture *Mechanic: Resurrection* (which I thought was quite a good movie, but I am a sucker for both Tommy Lee Jones and Jason Statham films, and this has both). It brought this action against fifteen John Doe defendants for using file-sharing software to illegally download, and in some cases distribute, unauthorized copies of *Resurrection* over the internet. At the time the complaint was filed, plaintiff was able to identify defendants only by their internet protocol ("IP") addresses, but discovery obtained in this action from their internet service providers allowed plaintiff to identify and then settle with or dismiss the individuals involved, except for one.

Defendant Rodney Henry has been validly served, and is well aware of the pendency of this action as plaintiff has gone far beyond what is required to solicit his participation. Plaintiff has sent him 16 cease and desist notices under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq*. Nor is this Mr. Henry's first rodeo. Plaintiff has produced evidence that shows Mr. Henry has illegally distributed a minimum of 19 motion pictures,

including *Resurrection*, in less than a two-year period.  He finally suspended distributing illegal copies when his internet provider, Time Warner Cable, notified him that it was going to disclose his identify to plaintiff in response to the subpoena that I authorized, but there is nothing to suggest that he will not start up again when this controversy has abated, perhaps through a different, more anonymous IP address.

Despite the current lull in his illegal activities, it is not as if Mr. Henry is turning over a new leaf, because he has failed to respond to this lawsuit in any way.  That is the case even though plaintiff gave him one last chance to appear and defend this case, sending him a letter warning him of the consequences of his continuing non-appearance.  It was quite a conciliatory letter, actually, stating that:

> [W]e have no interest whatsoever in maintaining suit against innocent parties. Serving a complaint and participating in litigation would be costly for both us and you.  We certainly do not wish to invest significant resources into this case, only to learn at a later time that you are not responsible for infringing the rights of my client.  Thus, to the extent you believe you are not the infringer, it is to your benefit to break your silence and contact us, so that we may avoid the unnecessary and costly process of proceeding against you in this case, and you may avoid the costly process of defending.  If you are truly innocent, we would welcome the opportunity to speak with you now to see if we can work together to identify the true infringer of my client's rights.

No response from Mr. Henry.  Accordingly, the clerk already having entered a certificate of default, plaintiff's motion for default judgment is before me.

All of the requirements for a default judgment have been met.  The allegations contained in the amended complaint insofar as they relate to liability are deemed true, see Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), and plaintiff has alleged sufficient facts to support a claim for copyright infringement.  See John Wiley & Sons, Inc. v. John Doe Nos. 1-30, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (claim for copyright infringement requires showing of ownership of a valid copyright and unauthorized downloading, copying, and distribution).

A plaintiff entitled to a default judgment does not get damages for the asking, see Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), but must prove its entitlement. Here, the exercise is simple not only because plaintiff has elected statutory damages under 17 U.S.C. § 504, but because plaintiff has continued its largesse towards Mr. Henry by only requesting $10,000, less than 7% of the statutory maximum of $150,000. Plaintiff is not even seeking attorneys' fees, to which it is entitled. Ten thousand dollars in statutory damages is a remarkably restrained request against a willful infringer like Mr. Henry, especially considering the need for deterrence of the rampant copyright violations in the film industry that the DMCA seeks to prevent. See *Privacy and Piracy: The Paradox of Illegal File Sharing on Peer-to-Peer Networks and the Impact of Technology on the Entertainment Industry: Hearing Before the Permanent Subcomm. on Investigations of the Sen. Comm. On Governmental Affairs*, 108th Cong., 1st Sess. 10 (2003) (Opening Statement of Sen. Levin). I have no hesitation in awarding it.

I similarly have no hesitation in granting plaintiff's request for a permanent injunction under 17 U.S.C. § 502(a). Permanent injunctions are appropriate when infringement has been established and there is a substantial likelihood of future violations. Boisson v. Banian Ltd., 280 F. Supp. 2d 10, 15 (E.D.N.Y. 2003). Mr. Henry's refusal to acknowledge the process of this Court might alone suffice to support a finding that he is likely to infringe again, but one look at his track record leaves no doubt. Having learned that what he thought was anonymous piracy is actually subject to unmasking, it would not be technologically difficult for him to layer on another level of anonymity and try it again. (There is no reason for me to spell out how easily this can be done). Plaintiff should not have to engage in three-card monte to anticipate Mr. Henry's next play. Irreparable harm, while not presumed, is self-evident, as once Mr. Henry put

his illegal downloads of plaintiff's copyrighted work into commerce, there is no telling with how many users they are going to end up.

Accordingly, plaintiff's motion for a default judgment is granted. Since the claims against all of the other defendants have been resolved, the Court will separately enter a Final Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 58(a).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 3, 2017